WATTS, RITTER & COMPANY *v*. T. N. READ *et al., etc.*

(No. 7026)

Submitted October 7, 1931. Decided October 13, 1931.

A. D. Daly, for appellant.

T. N. Read, R. F. Dunlap, T. L. Read and W. A. Brown, for appellees.

WOODS, JUDGE:

This is a proceeding to require T. N. Read and R. F. Dunlap, in their own rights and as special commissioners, to account to Watts, Ritter & Company for certain funds coming into their hands by reason of the sale of certain properties in the creditors suit of Bank of Gauley against Parker and others.

It appears from the record that Parker was indebted to Watts, Ritter & Company in the sum of $425.00 and $2,794.29, respectively. The first was secured by a deed of trust on lot 3, block 5, city of Hinton, and the second, by a second deed of trust on lots 8, 10 and 12 of said block, and lot 3, block F. On March 14, 1916, O. L. Swats bid in lot 3 for $3,475.00; lot 8 for $200.00; and lots 10 and 12 for $575.00. The required one-third cash ($1,416.67) was paid to commissioner Read, and two notes in like amounts executed for the residue, with R. F. Dunlap, as surety. E. E. Hughes purchased lot 3, Block F, for $1,600.00, and paid $533.33 cash, and executed his two bonds for the remainder. The decree of March 16, 1916, confirmed the above, as well as the sales of certain other lots, and authorized the commissioners to withdraw the purchase money bonds and collect the same as they matured and to disburse the cash payments and the proceeds of said bonds in accordance therewith, and to execute deeds as to each parcel after all of the purchase money should be paid.

The matter was referred to P. J. Carr, with instructions to take, state and report an account showing a settlement of the special commissioners, to time of making said report, which was filed September 26, 1928. The court, after considering the report, and the depositions of Read and Dunlap and certain decrees and papers, upon which same was based, together with the petition of O. L. Swats, found Dunlap to be the agent of Watts, Ritter &Company in the purchase of lots 3, 8, 10 and 12, and that he personally advanced the cash payment therefor; that Swats merely acted at the request of Dunlap; that Dunlap sold lot 3 to Allen for the amount bid by Swats; that the purchase price was paid to Read, the $1,158.33 advanced by Dunlap on that lot being refunded to him; that

Dunlap took and held lots 8, 10 and 12, as attorney for Watts, Ritter & Company, and has turned over no proceeds therefrom to Read; that both Read and Dunlap have distributed all the funds coming into their hands, including the one-third advance on lots 8, 10 and 12, except the $436.00 due on lot 3, which the order shows was thereupon paid to A. D. Daly, as attorney for Watts, Ritter & Company, by Read and Dunlap. The court also found that the notes given by Swats, evidencing the unpaid purchase price of lots, were not intended to be collected, but that said lots purchased by Dunlap were in full satisfaction of said notes.

Watts, Ritter & Company raises several objections to the court's finding. The first is that it is entitled to interest on the $425.00 debt to September, 1928. This position, we think, is well taken. The decree of 1916 directed not only collection but disbursement. The last of the purchase money on lot 3 was paid on May 28, 1917. While a special commissioner ordinarily is not chargeable with interest on the proceeds of a sale, he cannot claim exemption therefrom where he has failed, over a period of years, to account for money to which a creditor was clearly entitled. *State ex rel. Shull* v. *U. S. F. & G. Co.*, 81 W. Va. 184.

Appellant admits receipt of $1,202.96 on the second debt. This payment, according to Read, was made out of the proceeds of sale of lot 3, block F, to E. E. Hughes, which, with interest on deferred payments, amounted to $1,639.99. However, it contends that it is entitled to more, since the commissioner found that the judgment of one Fox, in amount of $342.63, which was adjudged a first lien on this lot as well as several others, had been satisfied out of a lot other than those heretofore mentioned. This additional amount seems to have been paid out to certain judgment creditors, whose liens, according to the decree of 1916, attached after the secured creditors. This action is explained by Read on the ground that the decree designating the priorities did not give him a right to marshall assets. The court is of opinion that Watts, Ritter & Company stepped into the shoes of Fox, and is entitled to what the latter would have recovered from proceeds of lot 3,

block F, had he not been satisfied out of the proceeds of another lot. 18 R. C. L., p. 455; *Hudkins* v. *Ward,* 30 W. Va. 204.

The last contention is that Dunlap should be required to settle with Watts, Ritter & Company in this proceeding for the amount received by him in subsequent sale of lots 8, 10 and 12, which he had purchased for it. Plaintiff did not contest the agency on the hearing before the commissioner. The chancellor found that Dunlap was in fact an agent. As we see it, the chancellor was warranted in refusing to act in this regard.

The decree of the circuit court of Summers county is therefore reversed, and the cause remanded for further proceedings to be had in accordance with the principles herein enunciated.

*Reversed and remanded.*